**HOME OWNERS' LOAN CORPORATION v McNABB et**

Ohio Appeals, 2nd Dist., Franklin Co.

Decided Sept. 19, 1939.

Ralph J. Bartlett, Pros. Atty., Columbus, David B. Sharp and Edmond B. Paxton, Asst. Pros. Attys., Columbus, for defendants-appellants.

Ralph G. Smith, Columbus, for plaintiff.

## OPINION

PER CURIAM:

Plaintiff-appellee brought an action for foreclosure on September 4, 1937. The same property was involved as that in the case of the Real Estate Service Company v McNabb, No. 133165, wherein a judgment was rendered in favor of the plaintiff in 1932. In 1932 and 1933 two orders of sale were issued and returned without satisfaction by order of the plaintiff. No order of dismissal was entered in case No. 133168. In that case the costs in the sum of $70.42 remain unpaid. No execution was ever issued for costs. The indebtedness due the real estate company was paid and in 1933 a mortgage was executed by a grantee of the original mortgagor, George E. McNabb to the Home Owners' Loan Corporation. This latter mortgage not being paid, a petition was filed in 1937 praying for foreclosure and the Clerk of Franklin County was made a party defendant and filed an answer setting up the accrued costs in the former case in the amount of $70.42. The original mortgagee filed an answer disclaiming any interest in the property and the Home Owners' Loan Corporation filed an answer denying that the costs accruing in the former case were a lien having a

priority over the latter mortgage. The price realized was not sufficient to pay the mortgage indebtedness.

The sole question is whether or not the costs accruing in 1933 in the suit in which a foreclosure was begun and two orders of sale issued, both of which were returned at the plaintiff's direction, are a lien superior to the lien acquired by the Home Owners' Loan Corporation.

The court below held that the judgment for the plaintiff was prior to any lien sought to be asserted by the Clerk of Courts. We have examined all the statutes which were cited and some others, to-wit, §§3026, 3028, 11656, 11663 and also the opinion of Attorney General Bricker, No. 3735, 1934. We have also examined the pertinent decisions cited by counsel.

We arrive at the conclusion that the court below was correct and we agree in the main with his opinion on file.

Judgment of the court below affirmed.

HORNBECK, PJ., GEIGER & BARNES, JJ., concur.